UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Case No:
ROGELIO AYALA-ZACARIAS, on Behalf of
Himself and All Others Similarly Situated,

                                                                          **COLLECTIVE AND**
                                                                          **CLASS ACTION**
                                  Plaintiffs,                             **COMPLAINT**
                                                                          **WITH JURY DEMAND**

                  -vs.-

BENJYS KOSHER PIZZA & DAIRY
RESTAURANT INC., BENJYS KOSHER
PIZZA CH INC., BENJY'S KOSHER
PIZZA D. INC., MOSHE BENJAMIN, BORIS
DAVIDOVOV and EVED NISANOV,

                                  Defendants.
-------------------------------------------------------------X

        Plaintiff Rogelio Ayala-Zacarias, individually and on behalf of all others similarly

situated, by his attorneys, Law Offices of William Cafaro, respectfully alleges as follows upon

information and belief:

                                  ***NATURE OF THE ACTION***


        1.      This is a collective and class action brought by Class Representative Plaintiff

Rogelio Ayala-Zacarias ("Ayala-Zacarias") on behalf of himself and all members of the

proposed collective and class, as defined below (collectively, "Plaintiffs") who work or have

worked for BENJYS KOSHER PIZZA & DAIRY RESTAURANT INC. ("Benjys Kosher Pizza

& Dairy"), BENJYS KOSHER PIZZA CH INC. ("Benjys Kosher Pizza CH") and BENJY'S

KOSHER PIZZA D. INC. ("Benjys Kosher Pizza D.") (collectively, Benjys Kosher Pizza &

Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D. are the "Corporate Defendants")

within the applicable time frames.

2.      The Corporate Defendants are owned and operated by Defendants MOSHE BENJAMIN ("Benjamin"), BORIS DAVIDOVOV ("Davidov"), and EVED NISANOV ("Nisanov") (collectively, Corporate Defendants, Benjamin, Davidov and Nisanov are the "Defendants").  The Defendants are involved in the preparation and retail distribution of various food items, including, but not limited to, pizza, sushi, calzones, soups, sandwiches, wraps and salads.

3.      Despite operating under different corporations, the Defendants have been part of a single integrated enterprise that has jointly employed the Plaintiffs.  The enterprise is centrally controlled by Defendants Benjamin, Davidov, and Nisanov, who own, manage, and oversee operations.

4.      Plaintiffs were employed by Defendants as restaurant employees whose duties included, but were not limited to, preparing food, taking orders, stocking merchandise, customer service and general clean up ("Restaurant Employees").

5.      Restaurant Employees perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

6.      Plaintiff Ayala-Zacarias brings this action on behalf of himself and all similarly situated current and former Restaurant Employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C.

§216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiff Ayala-Zacarias and all similarly situated employees of their lawful earned wages.

7.      Plaintiff Ayala-Zacarias brings this action on behalf of himself and all similarly situated current and former Restaurant Employees who are members of the putative class set forth herein pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6 §§ 190 *et seq.* and Article 19, §§650 *et seq.* and the supporting New York State Department of Labor Regulations.

## *THE PARTIES*

**Plaintiff**

*Rogelio Ayala-Zacarias*

8.      Ayala-Zacarias is an adult individual who is a resident of Queens County, New York.

9.      At all times herein pertinent, and in the course of his duties, Ayala-Zacarias regularly handled products which had been moved in commerce, including, but not limited to, cooking utensils, milk, bread, sugar, and pasta.

10.      Ayala-Zacarias was employed by the Defendants as a Restaurant Worker, from on or about the calendar year of 2007 until January 26, 2017.

11.     Ayala-Zacarias is a covered employee within the meaning of the FLSA and NYLL.

12.     A written consent form for Ayala-Zacarias is being filed with this Collective and Class Action Complaint.

**<u>Defendants</u>**

13.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

14.     Defendants have employed and/or jointly employed the Named Plaintiff and similarly situated employees at all times herein pertinent.

15.     Defendants Benjamin, Davidov and Nisanov have had substantial control over the Named Plaintiff's as well as similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

***Benjys Kosher Pizza & Dairy***

16.     Defendant Benjys Kosher Pizza & Dairy was and is a domestic business corporation whose principal place of business is located at 72-72 Main Street, Flushing, NY 11367.

17.     Benjys Kosher Pizza & Dairy is owned and operated by defendants Benjamin, Davidov, and Nisanov.

18.     Benjys Kosher Pizza & Dairy is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

19.     At all times herein pertinent, Benjys Kosher Pizza & Dairy maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

20.     Benjys Kosher Pizza & Dairy has applied the same employment policies, practices, and procedures to all its Restaurant Employees who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

21.     Upon information and belief, for the calendar year 2014, the annual gross volume of sales made or business done of Benjys Kosher Pizza & Dairy was not less than $500,000.00.

22.     Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of Benjys Kosher Pizza & Dairy was not less than $500,000.00.

23.    Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of Benjys Kosher Pizza & Dairy was not less than $500,000.00.

24.    Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Benjys Kosher Pizza & Dairy will not be less than $500,000.00.

*Benjys Kosher Pizza CH*

25.    Defendant Benjys Kosher Pizza CH was and is a domestic business corporation whose principal place of business is located at 72-72 Main Street, Flushing, NY 11367.

26.    Benjys Kosher Pizza CH is owned and operated by defendants Benjamin, Davidov, and Nisanov.

27.    Benjys Kosher Pizza CH is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

28.    At all times herein pertinent, Benjys Kosher Pizza CH maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

29.     Benjys Kosher Pizza CH has applied the same employment policies, practices, and procedures to all its Restaurant Employees who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

30.     Upon information and belief, for the calendar year 2014, the annual gross volume of sales made or business done of Benjys Kosher Pizza CH was not less than $500,000.00.

31.     Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of Benjys Kosher Pizza CH was not less than $500,000.00.

32.     Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of Benjys Kosher Pizza CH was not less than $500,000.00.

33.     Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Benjys Kosher Pizza CH will not be less than $500,000.00.

### Benjys Kosher Pizza D.

34.     Defendant Benjys Kosher Pizza D. was and is a domestic business corporation whose principal place of business is located at 72-72 Main Street, Flushing, NY 11367.

35.     Benjys Kosher Pizza D. is owned and operated by defendants Benjamin, Davidov, and Nisanov.

36.     Benjys Kosher Pizza D. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

37.     At all times herein pertinent, Benjys Kosher Pizza D. maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

38.     Benjys Kosher Pizza D. has applied the same employment policies, practices, and procedures to all its Restaurant Employees who performed the tasks enumerated herein, including policies, practices, and procedures with respect to payment of wages, and overtime compensation.

39.     Upon information and belief, for the calendar year 2014, the annual gross volume of sales made or business done of Benjys Kosher Pizza D. was not less than $500,000.00.

40.     Upon information and belief, for the calendar year 2014, the annual gross volume of sales made or business done of Benjys Kosher Pizza D. was not less than $500,000.00.

41.     Upon information and belief, for the calendar year 2014, the annual gross volume of sales made or business done of Benjys Kosher Pizza D. was not less than $500,000.00.

42.     Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Benjys Kosher Pizza D. will not be less than $500,000.00.

*Moshe Benjamin*

43.     Upon information and belief, Benjamin is a resident of the State of New York and has an actual place of business located at 72-72 Main Street, Flushing, NY 11367.

44.     Upon information and belief, at all times herein pertinent, Benjamin has been an officer and director of Benjys Kosher Pizza & Dairy.

45.     Upon information and belief, at all times herein pertinent, Benjamin has been an officer and director of Benjys Kosher Pizza CH.

46.     Upon information and belief, at all times herein pertinent, Benjamin has been an officer and director of Benjys Kosher Pizza D.

47.     Upon information and belief, and at all times pertinent herein, Benjamin has signed contracts on behalf of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D. and listed himself as either Principal and/or Officer.

48. The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Benjamin to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

49. At all relevant times, Benjamin has had power over personnel decisions at Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

50. At all relevant times, Benjamin has had power over payroll decisions at Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., including the power to retain time and/or wage records.

51. At all relevant times, Benjamin has been actively involved in managing the day to day operations of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

52. At all relevant times, Benjamin has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

53. At all relevant times, Benjamin has had the power to transfer the assets and/or liabilities of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

54.     At all relevant times, Benjamin has had the power to enter into contracts on behalf of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

55.     At all relevant times, Benjamin has had the power to close, shut down, and/or sell Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

56.     Benjamin is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

### *Boris Davidov*

57.     Upon information and belief, Davidov is a resident of the State of New York and has an actual place of business located at 72-72 Main Street, Flushing, NY 11367.

58.     Upon information and belief, at all times herein pertinent, Davidov has been an officer and director of Benjys Kosher Pizza & Dairy

59.     Upon information and belief, at all times herein pertinent, Davidov has been an officer and director of Benjys Kosher Pizza CH.

60.     Upon information and belief, at all times herein pertinent, Davidov has been an officer and director of Benjys Kosher Pizza D.

61.     Upon information and belief, and at all times pertinent herein, Davidov has signed contracts on behalf of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D. and listed himself as either Principal and/or Officer.

62.     The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Davidov to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

63.     At all relevant times, Davidov has had power over personnel decisions at Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

64.     At all relevant times, Davidov has had power over payroll decisions at Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., including the power to retain time and/or wage records.

65.     At all relevant times, Davidov has been actively involved in managing the day to day operations of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

66.     At all relevant times, Davidov has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

67.     At all relevant times, Davidov has had the power to transfer the assets and/or liabilities of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

68.     At all relevant times, Davidov has had the power to enter into contracts on behalf of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

69.     At all relevant times, Davidov has had the power to close, shut down, and/or sell Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

70.     Davidov is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

*Eved Nisanov*

71.     Upon information and belief, Nisanov is a resident of the State of New York and has an actual place of business located at 72-72 Main Street, Flushing, NY 11367.

72.     Upon information and belief, at all times herein pertinent, Nisanov has been an officer and director of Benjys Kosher Pizza & Dairy.

73.     Upon information and belief, at all times herein pertinent, Nisanov has been an officer and director of Benjys Kosher Pizza CH.

74.     Upon information and belief, at all times herein pertinent, Nisanov has been an officer and director of Benjys Kosher Pizza D.

75.     Upon information and belief, and at all times pertinent herein, Nisanov has signed contracts on behalf of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., and listed himself as either Principal and/or Officer.

76.     The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Nisanov to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages.

77.     At all relevant times, Nisanov has had power over personnel decisions at Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

78.     At all relevant times, Nisanov has had power over payroll decisions at Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D., including the power to retain time and/or wage records.

79.     At all relevant times, Nisanov has been actively involved in managing the day to day operations of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

80.     At all relevant times, Nisanov has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

81.     At all relevant times, Nisanov has had the power to transfer the assets and/or liabilities of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

82.     At all relevant times, Nisanov has had the power to enter into contracts on behalf of Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

83.     At all relevant times, Nisanov has had the power to close, shut down, and/or sell Benjys Kosher Pizza & Dairy, Benjys Kosher Pizza CH and Benjys Kosher Pizza D.

84.     Nisanov is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

## *JURISDICTION AND VENUE*

85.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus.

86.     This Court also has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

87.     The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

88.     Venue is based upon 28 U.S.C. § 1391 (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## COLLECTIVE ACTION ALLEGATIONS

89.     Named Plaintiff seeks to bring this suit to recover minimum wages, overtime compensation, and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on their own behalf as well as on behalf of those in the following collective:

> **FLSA Collective:** Current and former employees of Defendants who, at any time within three years prior to filing date of this Collective and Class Action Complaint through the date of final disposition ("Collective Period"), worked for the Defendants as non-exempt Restaurant Employees and were subject to Defendants' policy and pattern or practice of failing to properly pay minimum wages for all hours worked up to the first 40 hours worked and overtime premium for all hours worked beyond 40 per week and who elect to opt into this litigation.

90.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiff and the putative FLSA Collective Members ("Collective Members").

91.     Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been paid the proper statutory minimum wage for all hours worked up to 40 in a given week.

92.     Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been paid any premium overtime compensation for hours worked beyond 40 in any single work week.

93.     All of the work that the Named Plaintiff and the Collective Members have performed tasks that have been assigned by Defendants, and/or Defendants have been aware of all of the work that they have performed.

94.     Defendants have exercised sufficient supervision, direction and control over the Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and

responsibilities; and (2) controlling all of the terms and conditions of their employment, including their compensation, as well as policies and practices they were required to follow.

95.     As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiff and the Collective Members, which include, but are not limited to:

a) willfully failing to pay them the minimum wage for all hours worked up to 40 in a single workweek;

b) willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek; and

c) willfully failing to record all of the time that they have worked for the benefit of the Defendants.

96.     Defendants' unlawful conduct pled herein constitutes a corporate policy or practice of minimizing labor costs by failing to properly compensate the Named Plaintiff and the Collective Members for the overtime hours they have worked.

97.     Defendants are aware or should have been aware that Federal law required them to pay the Named Plaintiff and the Collective Members overtime premiums for all hours worked in excess of 40 per workweek.

98.     The Named Plaintiffs and the Collective Members perform or performed the same or similar primary duties.

99. Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

100. There are many similarly situated current and former employees who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

101. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

102. The Named Plaintiff brings this action as a Class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following defined Classes:

**"Rule 23 Class":** Restaurant Employees employed by the Defendants at any time within six years prior to the filing date of this Class action complaint through the date of final disposition ("Class Period") of this action and who were subject to Defendants' policy and pattern or practice of (i) failing to pay the Plaintiffs the proper minimum wage; (ii) denying Plaintiffs overtime premiums for all of the hours they worked in excess of 40 hours per week; (iii) failing to pay Plaintiffs spread of hours compensation when the spread of hours compensation; (iv) failing to provide proper wage notices and keep proper records as required by the NYLL; and/or (v) failing to provide annual wage notices as required by the NYLL.

103. Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individuals who have, or who at any time during the class period had, a controlling interest in Defendants, and all persons who shall submit timely and otherwise proper requests for exclusion.

104. The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over 50 individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

105. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief appropriate or corresponding declaratory relief with respect to the Rule 23 Classes as a whole.

106. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. <u>Whether Defendants unlawfully failed to pay appropriate minimum wages;</u>

    b. Whether Defendants unlawfully reduced the number of hours the Members worked in their own payroll system;

    c. Whether Defendants unlawfully failed to pay appropriate overtime compensation to Members of the proposed class in violation of NYLL;

d. Whether Defendants employed Plaintiff and the proposed class within the meaning of New York law;

e. Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Named Plaintiff and the proposed class;

f. Whether Defendants failed to furnish the Named Plaintiff and the proposed class with annual wage notices, as required by the NYLL;

g. Whether Defendants failed to furnish the Named Plaintiffs and the proposed class Members with proper wage statements with every payment of wages, as required by the NYLL;

h. Whether Defendants' policy of failing to pay the Named Plaintiffs and Class Members was instituted willfully or with reckless disregard of the law; and

i. The nature and extent of class-wide injury and the measure of damages for those injuries.

107. The claims of the Named Plaintiff is typical of the claims of the Rule 23 Class he seeks to represent. Named Plaintiff and all of the Rule 23 Class Members work, or have worked, for Defendants as Restaurant Employees. The Named Plaintiff and the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid overtime compensation, and to receive legally required wage notices. The Named Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiff and the Rule 23 Class Members have all been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

108.     The Named Plaintiff will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; understands that as Class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately; recognizes that as Class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests; understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class;  recognizes that any resolution of a Class action must be in the best interests of the Class;  and understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial.  The Named Plaintiff has retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Named Plaintiff and the Rule 23 Class Members.

109.     A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden that this litigation will require. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In

addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments with respect to Defendants' practices.

110. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

111. Consistent with their policies and patterns or practices as described herein, Defendants harmed the Named Plaintiff, individually, as follows:

### *Rogelio Ayala-Zacarias*

112. Defendants did not pay Ayala-Zacarias the proper minimum wage compensation for all of the time that he was suffered or permitted to work each workweek.

113. Defendants did not pay Ayala-Zacarias the proper overtime compensation for all of the time that he was suffered or permitted to work each workweek.

114. Defendants did not pay Ayala-Zacarias the proper spread of hours compensation for all of the time that he was suffered or permitted to work each workweek.

115.     From February 1, 2011 until on or about December 31, 2012, Mr. Ayala-Zacarias worked seven days per work week. From Monday thru Wednesday, inclusive he worked from 11:00 AM until 10:00 PM. On Thursdays and Sundays, he worked from 10:00 AM until 10:00 PM. On Fridays he worked from 9:00 AM until 4:00 PM and on Saturdays he worked from 6: 00 PM until 1:00 AM.

116.     From on or about January 1, 2013 until on or about October 31, 2015, Mr. Ayala-Zacarias worked seven days per work week.  From Monday thru Wednesday, inclusive he worked from 8:45 AM until 7:00 PM. On Thursdays and Sundays he worked from 8:45 AM until 8:00 PM. On Fridays from 8:45 AM until 4:00 PM. During half of this time period on Saturdays he worked from 6:00PM until 11:00PM and during the other half of this time period he worked from 8:00PM until 1:00AM.

117.     From on or about November 1, 2015 until on or about October 31, 2016, Mr. Ayala-Zacarias worked six days per work week.  From Monday thru Wednesday, inclusive he worked from 8:45 AM until 7:00 PM. On Thursdays and Sundays he worked from 8:45 AM until 8:00 PM On Fridays he worked from 8:45 AM until 4:00 PM.

118.     From on or about November 1, 2016 until on or about January 26, 2017, Mr. Ayala-Zacarias worked six days per work week. From Monday thru Wednesday, inclusive he worked from 8:45 AM until 7:00 PM.  On Thursdays and Sundays he worked from 8:45 AM until 8:00 PM.  During half of this time period on Saturdays he worked from 6:00PM until 1100PM and during the other half of this time period he worked from 8:00PM until 1:00AM.

119. From on or about January 1, 2011, until on or about May 31, 2012, Plaintiff Ayala-Zacarias was paid $520.00 per work week.

120. From on or about June 1, 2013, until on or about January 26, 2017, Plaintiff Ayala-Zacarias was paid $600.00 per work week.

121. Defendants failed to compensate Ayala-Zacarias with the applicable minimum wage.

122. Defendants suffered or permitted Ayala-Zacarias to work over 40 hours per week. During such workweeks, Defendants failed to compensate Ayala-Zacarias for any overtime premium of one and one half his regular rate of pay.

123. Defendants suffered or permitted Ayala-Zacarias to work over 10 hours per day. During such workdays, Defendants failed to compensate Ayala-Zacarias for any spread of hours pay at the at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

124. Throughout the duration of his employment Ayala-Zacarias received his payments in a mix of check and cash.

125.    Defendants failed to keep accurate records of wages earned or of the hours worked by Ayala-Zacarias.

126.    Defendants failed to furnish Ayala-Zacarias with proper annual wage notices, as required by the NYLL.

127.    Defendants failed to furnish Ayala-Zacarias with proper wage statements with every payment of wages, as required by the NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

128.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

129.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

130.    Defendants have failed to pay the Named Plaintiff and the Members of the FLSA Collective the proper statutory minimum wage to which they have been entitled under the FLSA.

131.    Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware

that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

132.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

133.   As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of the proper minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

134.   The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

135.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

136.     Defendants have failed to pay the Named Plaintiff and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

137.     Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

138.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

139.     As a result of Defendants' violations of the FLSA, Named Plaintiff and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A THIRD CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY MINIMUM WAGE)

140.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

141.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

142.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

143.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

144.    Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the proper minimum wages to which they were entitled under the New York Labor Law.

145.    By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

146.     Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.


### AS AND FOR A FOURTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY OVERTIME)

147.     The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


148.     At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.


149.     Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.


150.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.


151.     Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the overtime wages to which they were entitled under the New York Labor Law.

152. By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

153. Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

***AS AND FOR A FIFTH CAUSE OF ACTION***
***STATE WAGE AND HOUR LAW***
***AGAINST THE DEFENDANTS, AND EACH OF THEM***
***(FAILURE TO PAY SPREAD OF HOURS***

154. The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

155. Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

156. Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

157. Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**NEW YORK STATE LABOR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
***(FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)***

158. The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

159. Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging

allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

160.     Through their knowing or intentional failure to provide Named Plaintiffs and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

161.     Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

*AS AND FOR A SEVENTH CAUSE OF ACTION*
*NEW YORK STATE LABOR LAW*
*AGAINST THE DEFENDANTS, AND EACH OF THEM*
*(FAILURE TO PROVIDE PROPER WAGE STATEMENTS)*

162.     The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

163.     Defendants have willfully failed to furnish Named Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

164.     Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

165.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **JURY DEMAND**

166.     Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiff, on behalf of himself and all Members of the Proposed Collective and Class, pray for relief as follows:

A.      That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Restaurant Employees who are presently working at, or who have worked at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice.  Such notice shall inform the Restaurant Employees that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

C.      Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

D.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of the Named Plaintiff as representative of the Rule 23 Class;

F.      Designation of undersigned counsel as Class Counsel;

G.      Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

H.     Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

I.     Unpaid minimum wage compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

J.     Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

K.     Unpaid spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

L.     Statutory penalties of fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;

M.     Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

N.     Prejudgment and post-judgment interest;

O.     An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

P.     Reasonable attorneys' fees and costs of the action; and

Q.     Such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: New York, New York
       January 30, 2017

Law Offices of William Cafaro

_____

William Cafaro (WC2730)
108 West 39th Street, Suite 602
New York, NY 10018
Tel. (212)583-7400

*Attorneys for the Named Plaintiff and the Proposed
FLSA Collective and Rule 23 Class*

To:

BENJYS KOSHER PIZZA & DAIRY RESTAURANT INC.
72-72 Main Street
Flushing, NY 11367

BENJYS KOSHER PIZZA CH INC.
72-72 Main Street
Flushing, NY 11367

BENJY'S KOSHER PIZZA D. INC.
72-72 Main Street
Flushing, NY 11367

MOSHE BENJAMIN
72-72 Main Street
Flushing, NY 11367

BORIS DAVIDOVOV
72-72 Main Street
Flushing, NY 11367

EVED NISANOV
72-72 Main Street
Flushing, NY 11367

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          Case No:
ROGELIO AYALA-ZACARIAS, on Behalf of
Himself and All Others Similarly Situated,


                         Plaintiffs,


            -vs.-


BENJYS KOSHER PIZZA & DAIRY
RESTAURANT INC., BENJYS KOSHER
PIZZA CH INC., BENJY'S KOSHER
PIZZA D. INC., MOSHE BENJAMIN, BORIS
DAVIDOVOV and EVED NISANOV,

                         Defendants.
-------------------------------------------------------------X

---

## COLLECTIVE AND CLASS ACTION COMPLAINT
## WITH JURY DEMAND

---

William Cafaro (WC2730)
Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, NY 10018
Tel. (212)583-7400

*Attorneys for the Named Plaintiffs and the*
*Proposed FLSA Collective and Rule 23 Class*